Johnson, J.
The exceptions relating to the commissions of the receiver, and the arrears of complainant’s annuity, have alone been insisted on in the, argument; and to these the judgment of the Court will be confined.
The rate of commissions allowed by law to a receiver, is necessarily arbitrary. In some instances, the commissions may prove to be more, and in others they will be less, than an adequate remuneration ; but even this is better than the uncertainty of suffering the rate of compensation to depend upon the discretion of the master. When, therefore, a receiver discharges the duty assigned to him, he is intitled to the usual commissions, although they may appear to be more than a reasonable compensation for the services rendered. It is said, however, that Col. Cattell, the receiver in this case, did nothing ; and his own examination, in which he states that he would not take charge of one of the plantations, because the others were withheld, is relied on to prove it. But the fact is not disputed, that they were all managed by overseers appointed and employed by him, and that the crops were sold by factors of his own selection, and under his direction. It was not expected, that he would perform these services in person, and it does not follow, that the interests of those concerned were not promoted by this arrangement; and at any rate, he incurred the responsibility incident to these sub-agencies, and therefore, he is'intitled to his commissions. If any thing has been lost by his neglect, or the mismanagement of his agents, that would be the foundation of a demand upon him to make it good.
The claim of the complainant, to have the deficiency of the annnal allowance of $2,000, made up out of the capital of the estate, is clearly without any solid foundation. If it be referred to her contract with her husband, it would be sufficient to remark, that by her own statement, in the supplemental bill, it was a mere hiring from year to year, which either party might put an end to at pleasure. But if the agreement created a larger liability, it was one which the husband could not transfer to the defendants, his assignees, so as to bind them without their consent. And moreover, the order of the Chancellor superseded that agreement altogether, and puts the allowance on an entirely different footing. The order of September, 1825, directs that the receiver shall regularly pay *243 over to Mrs. Price, out of the first proceeds of the crops, the sum of $2,000, per annum,, heretofore agreed to be paid to her, until the determination of the suit. The order of the Court of Appeals charges it upon the same fund; and even if the Court had possessed the power, yet there is no order charging the deficiency on any other, or creating any other liability. A plain, common sense view of the whole case, will lead to the same result. In justice, Mrs. Price was only intitled to receive a dividend of the income of these estates, in proportion to that part of them which was ultimately adjudged to belong to her; and that constituted but a small portion of the productive property, to wit, the slaves: but she has received the income of the whole, not only of her own, but of that to which the defendants are intitled ; and it is unreasonable, that she should have more. In this respect, therefore, the decree of the Circuit Court must be reversed.
The other grounds of appeal have not been insisted upon ; and the decree must, therefore, in all other particulars, be affirmed. Whatever costs may have been incurred, by reason of the application of Mrs. Price, to be paid her annuity out of the capital of the estate, must be paid by her; all other costs to be paid out of the funds of the estate, as heretofore ordered.
O’Neaix, J., and Harper, J., concurred.

Decree modified.

*244 The case made at the former hearing of the preceding cause. Up0n the merits of the bill, has been reported in the Carolina Law Journal, p. 297, et seq.; but as the copies of that valuable publica. tion have become less generally accessible, than is desirable, and the case itself is frequently referred to, and is both important, and instructive, it has been deemed adviseable to subjoin a report of it in this place,